UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRADLEY RAY DICK                    CIVIL ACTION NO. 13-cv-2441

VERSUS                              JUDGE HICKS

KEY ENERGY SERVICES, INC., ET AL    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Bradley Ray Dick ("Plaintiff") filed this action against his former employer, Key Energy Services, Inc. ("Key") to seek a declaration that a non-compete provision in a merger agreement is invalid.  Key responded by filing a Motion to Transfer Venue (Doc. 13) to the Southern District of Texas based on a forum selection clause in the agreement.  For the reasons that follow, it is recommended that the motion be granted and the case be transferred to the Southern District of Texas.

**Background**

Plaintiff's memorandum in opposition to the Motion to Transfer Venue incorporates an affidavit that he filed earlier in connection with a Motion for Summary Judgment (Doc. 11).  Plaintiff testified that is 35 years old and has lived in Webster Parish, Louisiana his entire life.  He has spent his working life employed in the oil and gas industry and for several years was employed by a member of Edge Oilfield Services, LLC ("Edge").  Edge was in the business of fracstack rental and flow back iron rental used in connection with the

development of the Haynesville Shale play in north Louisiana.  Plaintiff was manager of Edge's north Louisiana office in Webster Parish, where his duties included managing the north Louisiana operations, supervising sales personnel, and maintaining customer relations. A series of mergers in 2011 resulted in Edge becoming merged with Key.  Key represents in its motion that Plaintiff received approximately $1.8 million in compensation for his former interest in Edge.

Section 8.5 of the merger agreement sets forth the non-compete clause at issue.  It provides that any person defined as a First Tier Subject Holder (and Plaintiff agrees that he is one) may not directly or indirectly own, be employed by, or be connected in any manner with any business engaged in by the former Edge as of the closing date of the transaction. The clause purports to restrict such activity "in the continental United States" and be for a term of five years from the closing date or three years from termination of employment with Key or an affiliate.

Plaintiff worked for Key after the merger and performed duties in north Louisiana similar to those he had with Edge.  There is no evidence that Plaintiff had a written employment agreement, and no party has suggested the merger agreement provided for continued employment.  It appears Plaintiff simply worked for Key as an employee at-will. Key later sent Plaintiff a memorandum that terminated his employment as of January 10, 2013.  The memorandum reminded Plaintiff that, as a First Tier Subject Holder as defined

in the merger agreement, he was bound by the non-compete provisions of Section 8.5 for three years following his termination.

Plaintiff soon commenced this civil action in state court and sought a declaration that the non-compete clause is invalid under La. R.S. 23:921 because it does not meet the statutory requirements that it (1) be limited to specified parishes or municipalities and (2) not exceed two years in duration.  Key removed the case based on diversity of citizenship.  Key later filed its own suit in a Texas state court to seek relief, including a declaration that Texas law governs the dispute and that Plaintiff is bound by the non-compete provision in the merger agreement.  Plaintiff removed that action to the Southern District of Texas.  Plaintiff has filed an answer in the Texas case, but no motions have been filed as of this writing.

The merger agreement contains choice of law and forum selection clauses.  They merger agreement emphasizes these provisions by use of all-caps typeface that is not used in other provisions.  The clauses at issue provide as follows (with bold text added by the court):

> **13.3   Choice of Law.**   THE PARTIES STIPULATE THAT THIS AGREEMENT HAS BEEN ENTERED INTO IN THE STATE OF TEXAS. THIS AGREEMENT SHALL BE CONSTRUED, INTERPRETED AND ENFORCED IN ACCORDANCE WITH, AND THE RIGHTS OF THE PARTIES SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE **STATE OF TEXAS**, WITHOUT REGARD TO ANY CONFLICT OF LAW OR CHOICE OF LAW PRINCIPLES THAT WOULD APPLY THE SUBSTANTIVE LAW OF ANOTHER JURISDICTION.

> **13.4 Submission to Jurisdiction.** ANY SUIT, ACTION OR PROCEEDING SEEKING TO ENFORCE ANY PROVISION OF, OR BASED ON ANY MATTER ARISING OUT OF, IN CONNECTION WITH OR RELATING

TO THIS AGREEMENT OR ANY OTHER TRANSACTION DOCUMENT SHALL BE BROUGHT **EXCLUSIVELY IN THE COURTS OF THE STATE OF TEXAS SITTING IN THE CITY OF HOUSTON, TEXAS AND THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION**, AND THE APPROPRIATE APPEALS COURTS THEREFROM.  BY EXECUTING AND DELIVERING THIS AGREEMENT.  **EACH PARTY IRREVOCABLY (I) ACCEPTS GENERALLY AND UNCONDITIONALLY THE EXCLUSIVE** JURISDICTION AND **VENUE OF SUCH COURTS**; AND (II) **WAIVES ANY DEFENSE OF FORUM NON CONVENIENS**; AND (III) AGREES THAT SERVICE OF ALL PROCESS IN ANY SUCH PROCEEDING IN ANY SUCH COURT MAY BE MADE BY NOTICE TO THE APPLICABLE PARTY AT ITS ADDRESS PROVIDED IN ACCORDANCE WITH SECTION 13.2. IS SUFFICIENT TO CONFER PERSONAL JURISDICTION OVER THE APPLICABLE PARTY IN ANY SUCH PROCEEDING IN ANY SUCH COURT, AND OTHERWISE CONSTITUTES EFFECTIVE AND BINDING SERVICE IN EVERY RESPECT.

## Analysis

### A.  Introduction

A motion to transfer venue under 28 U.S.C. § 1404(a) is the proper procedural mechanism for enforcing a forum selection clause.  In re: Atlantic Marine Constr. Co. , Inc., 701 F.3d 736 (5th Cir. 2012), cert. granted, 133 S.Ct. 1748 (2013).[1]  Motions under Section 1404(a) are appropriate where venue is proper but where, "[f]or the convenience of parties and witnesses, in the interest of justice," the defendant seeks to transfer the suit to another

---

[1] The Supreme Court granted certiorari on the issue of the proper procedure and burdens related to enforcement of forum selection clauses. Some courts enforce them through motions to dismiss or transfer under 28 U.S.C. § 1406, which applies when venue is improper.  Other courts, including the Fifth Circuit, use a  balancing-of-conveniences analysis under § 1404(a).  The motion in this case will be decided using the current Fifth Circuit approach.

"district or division where it might have been brought."  Key is a citizen of Texas, and the parties consented to venue in a Texas court, so if that consent provision is valid this suit could have been filed in the Southern District of Texas.  Plaintiff has not contested this point. Plaintiff does contest, however, the validity of the choice of forum clause.

**B.  Choice of Forum Clause is Valid**

The same Louisiana statute, La. R.S. 23:921, that generally prohibits non-compete clauses in "every contract or agreement" that does not meet the geographic and temporal limitations of the statute also contains a prohibition against certain choice of forum and choice of law clauses.  Plaintiff argues that the statute invalidates the forum clause in the merger agreement.  Key responds that the provision of the statute that invalidates certain forum clauses applies only to those found in an employment contract or agreement, which the merger agreement was not.  The statute provides as follows:

> A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.
>
> (2) The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and

voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

The statute goes on in Sections (B), (C) and beyond to set forth the geographic and temporal limitations that are allowed when a person sells the good will of a business, makes an agreement with his employer, or the like.

Plaintiff argues that the forum clause and the non-compete provision must both fail under Section 921.  He cites cases in which Louisiana courts have applied Section 921 to strike down non-compete clauses in purchase and sale contracts when a party was also an employee even though there was no separate employment agreement.  Those cases are distinguished because they addressed the validity of non-compete provisions, not forum clauses.  The two are governed by different provisions of the statute.

Non-compete provisions are governed by Section 921(A)(1) that makes invalid "[e]very contract or agreement" that does not meet the limitations of the statute.  Forum clauses and choice of law clauses are governed by Section 921(A)(2) that nullifies such clauses in "every employment contract or agreement" or in "an employee's contract of employment or collective bargaining agreement" unless the clauses were expressly agreed to after the incident that is the subject of the action.  Courts have, therefore, limited the impact of the statute on forum clauses or choice of law clauses to those found in employment contracts.  Authenment v. Ingram Barge Co., 878 F.Supp. 2d 672, 683 (E.D. La. 2012) ("The language of [Section 921(A)(2)] limits its application to employment contracts and collective bargaining agreements."); In re: Gulf Fleet Holdings, Inc., 2011 WL 1313901 (W.D. La.

2011) ("While the legislature chose to restrict the enforcement of choice-of-law clauses in employment agreements, no similar restrictions were enacted for agreements to sell all or part of a business.").  Plaintiff's effort to use the statute to attack a forum clause in anything other than a contract of employment or collective bargaining agreement is not supported by the language of the statute or the decisions he cites.  Accordingly, the forum clause will be considered in assessing whether venue should be transferred.

### C.  Factors Relevant to Transfer

The Fifth Circuit has adopted private and public interest factors that are examined in determining whether to transfer venue pursuant to Section 1404(A). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.  In re Volkswagen, 545 F.3d 304 (5th Cir. 2008) (en banc). The factors are appropriate for most cases, but they are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight.  Id., citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).

With respect to the private interest factors—access to evidence and availability of witnesses—Key concedes they are neutral.  The only witnesses identified by either party are Plaintiff, from Louisiana, and Mark Rosen, a Key employee who lives in Texas.  The case will quite possibly be decided by motion for summary judgment after review of the merger agreement and applicable law.  If there is a need for live witness testimony, it will not be great.  The court also does not foresee the need for significant discovery.  Accordingly, the private interest factors do not weigh considerably in favor of venue in Shreveport or Houston.

The public interest factors weigh somewhat in favor of retaining venue in this court. A Louisiana citizen has sued for a determination of whether he may seek employment in his lifelong field of work in Louisiana, the state where he has lived his entire life.  Louisiana has an interest in such a matter, but it may be that the issue is decided by Texas law if the choice of law provision is held enforceable (an issue this court need not reach to decide the motion to transfer).  There is no indication that the relative caseloads or judges in the two courts are so significantly different that court congestion is an important factor.  The issue of applicable law remains to be decided, but the merger agreement specifies Texas law. There will likely be an argument that Louisiana law applies nonetheless, so either court will likely have to consider to some degree the laws of both Texas and Louisiana, making familiarity of the court with applicable law a less meaningful factor.

The final factor, the forum clause, is the most important.  A forum clause is "a significant factor that figures centrally in the district court's calculus."  Stewart Org., Inc. v. Ricoh Corp., 108 S.Ct. 2239, 2244 (1988).  Justices Kennedy and O'Connor urged in a concurring opinion in Stewart that a forum clause be "given controlling weight in all but the most exceptional cases."  Id. at 2246.  The Fifth Circuit has noted that incorporating the forum clause into the private and public factor analysis makes it "difficult for a party to avoid the contractually-chosen forum."  In re: Atlantic Marine, 701 F.3d at 742.

Were it not for the forum clause, the relatively neutral private and public interest factors would not warrant transferring venue to Houston, but the forum clause carries considerable weight as the express agreement of the parties.  Plaintiff and Key entered into a merger agreement regarding a substantial amount of assets.  There is no indication the agreement was the result of other than an arms-length negotiation among relatively sophisticated parties.  The agreement contains the forum clause, which is heavily emphasized and stands out in the written agreement.  Any factors that might support retaining the matter in this forum are not sufficient to overcome the parties' express selection of the Southern District of Texas as the forum in which they wished to resolve any suit arising out of, in connection with, or relating to the merger agreement.  To not transfer the case in these circumstances would amount to judicial erasure of the bargained-for and lawful forum clause.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Transfer Venue (Doc. 13) be **granted** and that this civil action be **transferred** to the United States District Court for the Southern District of Texas, Houston Division, the district and division specified by the parties in their forum selection agreement.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of November, 2013.

Mark L. Hornsby
U.S. Magistrate Judge