UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRADLEY RAY DICK | CIVIL ACTION NO. 13-2441 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEY ENERGY SERVICES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 25) recommending that the Motion to Transfer Venue filed by Defendants Key Energy Services, LLC and Key Energy Services, Inc. be granted and the case be transferred to the Southern District of Texas. Plaintiff Bradley Ray Dick filed objections to the Report and Recommendation. See Record Document 26.

In the Report and Recommendation, the Magistrate Judge referenced In re: Atlantic Marine Constr. Co., Inc., 701 F.3d 736 (5th Cir. 2012), cert. granted, 133 S.Ct. 1748 (2013). See Record Document 25 at 4 n. 1 and 9. At the time of the Report and Recommendation, the Supreme Court had granted certiorari on the issue of the proper procedure and burdens related to enforcement of forum selection clauses. See id. at 4 n. 1. On December 3, 2013, the Supreme Court issued its opinion in the aforementioned case, holding that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Atl. Marine Constr. Co., Inc. v. U.S.D.C. for the W. Dist. of Tex., et al., No. 12-929 (U.S.S.C. December 3, 2013). The Court further reasoned:

> A court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. . . .
>
> . . . A district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the

> practice result is that forum-selection clauses should control except in unusual cases. . . .
>
> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

Id. This Court finds that the instant matter does not fall into the category of an "unusual case"; therefore, the forum-selection clause controls and transfer to the Southern District of Texas is proper.

Accordingly, in light of the Supreme Court's recent Atl. Marine Constr. Co. decision and for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed (Record Document 26), and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Motion to Transfer Venue (Record Document Doc. 13) is **GRANTED** and this civil action is transferred to the United States District Court for the Southern District of Texas, Houston Division, the district and division specified by the parties in their forum selection agreement.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 19th day of December, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE